# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Criminal Case No. 11-cr-00303-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. TRACY MORGAN,
    a/k/a "Tre Dog,"
2. KILLIU FORD,
    a/k/a "Caveman," and
3. AUGUST SANFORD,
    a/k/a "Turk,"

    Defendants.

## MOTION HEARING AGENDA

**Blackburn, J.**

The matter is before me *sua sponte*. In response to the filing of motions to suppress evidence obtained through the execution of wiretap orders and corresponding extension orders, I entered a **Minute Order** [#105][1] on February 1, 2012, setting all such motions[2] for hearing on March 15, 2012. In preparation for the hearing and after further review of the motions to suppress, I enter this order to further organize the hearing and to narrow the issues to be considered at the hearing.

---

[1] "[#105]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] Presently, the following wiretap-related motions are set for hearing: (1) **Defendant Morgan's Motion To Suppress Wiretaps** [#78] filed January 6, 2012; (2) **Defendant Morgan's Motion To Suppress Cell Phone GPS Data** [#85] filed January 6, 2012; (3) Defendant Ford's **Suppression of Wiretap Evidence Upon Illegal Interception of Communications and Requested Disclosure of Grand Jury Material** [#87] filed January 6, 2012; and (4) **Defendant Morgan's Alias Motion To Suppress Wiretaps (Expired Order) and Requested Disclosure of Grand Jury Material** [#92] filed January 8, 2012.

**Defendant Morgan's Motion To Suppress Wiretaps** [#78][3] filed January 6, 2012, focuses on the wiretap-related issues of necessity and minimization. Concerning the issue of necessity, the hearing should be limited to argument only. Concerning the issue of minimization, I find and conclude that the motion does not present or preserve an issue of fact or law that warrants or requires an evidentiary hearing or oral argument.[4]

**Defendant Morgan's Motion To Suppress Cell Phone GPS Data** [#85] filed January 6, 2012, argues generally that any evidence obtained from the warrant authorizing the acquisition and use of cell site and cell phone information was obtained in violation of the fourth Amendment and specifically that the warrant affidavit "contains numerous material and misleading. if not false, statements," *see* Motion at 2, ¶ 5, which if stripped from the warrant affidavit, robs the warrant of the probable cause necessary to its issuance.

---

[3] The factual recitations and legal arguments in this motion were joined by Mr. Ford in his **Suppression of Wiretap Evidence Upon Illegal Interception of Communications and Requested Disclosure of Grand Jury Material** [#87] filed January 6, 2012. *See* Motion [#87] at 1, nt. 1.

[4] "To warrant an evidentiary hearing, the motion to suppress must raise factual allegations that are 'sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact ... are in issue.' " **United States v. Chavez-Marquez**, 66 F.3d 259, 261 (10th Cir.1995) (quoting **United States v. Walczak**, 783 F.2d 852, 857 (9th Cir.1986)). "A defendant who requests a hearing bears the burden of showing that there are disputed issues of material fact." *Id*. (quoting **United States v. Woods**, 995 F.2d 713, 715 (7th Cir.1993) (citations omitted)). *See also* **United States v. Barajas-Chavez**, 358 F.3d 1263, 1266 -1267 (10th Cir. 2004); **United States v. Sandoval**, 390 F.3d 1294, 1301 (10th Cir. 2004). I am required to hold a suppression hearing only when sufficient facts are pled by the defendant to create and preserve disputed issues of material fact. **United States v. Woods**, 995 F.2d 713, 716 (7th Cir.1993). "A trial court is required to grant a suppression hearing only when a defendant presents facts justifying relief. A defendant who requests a hearing bears the burden of showing that there are disputed issues of material fact." *Id*. at 715 (citations omitted); *see also* **United States v. Sandoval**, 390 F.3d 1294, 1301 (10th Cir.2004); **United States v. Chavez-Marquez**, 66 F.3d 259, 261 (10th Cir.1995); **United States v. Walczak**, 783 F.2d 852, 857 (9th Cir.1986); and **United States v. Migely**, 596 F.2d 511, 513 (1st Cir.), cert. denied, 442 U.S. 943, 99 S.Ct. 2887, 61 L.Ed.2d 313 (1979). To warrant an evidentiary hearing, the motion to suppress must raise factual allegations that are "sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search [or advisement] are in issue." **Walczak**, 783 F.2d at 857.

Concerning any implied or tacit request for a ***Franks***[5] hearing, I find and conclude that the movant fails to make by affidavit, declaration, or offer of proof the substantial, preliminary, factual showing necessary to trigger the conduct of a ***Franks*** hearing.[6] Thus, no ***Franks*** hearing will be conducted; instead, the hearing on this motion should be limited to argument only.

The motion for **Suppression of Wiretap Evidence Upon Illegal Interception of Communications and Requested Disclosure of Grand Jury Material** [#87][7] filed January 6, 2012, by defendant, Killiu Ford, focuses on the length of wiretap authority and the consequences that flow from the interception of information subsequent to the alleged expiration of a wiretap order. As such, this motion does not require the presentation of evidence. Instead, hearing on this motion should be limited to argument only.

---

[5] So named after ***Franks v. Delaware***, 438 U.S. 154 (1978).

[6] Current jurisprudence teaches that "[a] search warrant must be voided and the fruits of the search suppressed" if a reviewing court: (1) finds that an affiant knowingly or recklessly made false statements in or omitted material information from an affidavit in support of a search warrant; and (2) concludes that if the false statements were excised or the omitted statements included, the corrected affidavit would not support a finding of necessity or probable caUse. ***Franks v. Delaware***, 438 U.S. 154, 155-56 (1978); ***see also United States v. Garcia-Zambrano***, 530 F.3d 1249, 1254 (10th Cir. 2008). The ***Franks*** decision only concerned the inclusion of false material in a search warrant affidavit, but courts have long recognized that the logic of the case extends to falsehoods and omissions in affidavits supporting wiretap applications. ***United States v. Carrillo***, 123 F. Supp. 2d 1223, 1252 (D. Colo. 2000) (collecting cases).
    In the Tenth Circuit, a defendant is entitled to a hearing under ***Franks*** if he makes a substantial preliminary showing that the Government knowingly or recklessly made a false statement or an omission in an affidavit supporting a wiretap application and that the alleged falsehood or omission was necessary for the issuing judge to find necessity or probable cause for the wiretap. ***United States v. Small***, 229 F. Supp. 2d 1166, 1189 (D. Colo. 2002) (***citing Franks***, 438 U.S. at 155-56). Before the defendant is entitled to a ***Franks*** hearing, however, the defendant must allege deliberate falsehood or reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. ***United States v. Artez*** 389 F.3d 1106, 1116 (10th Cir. 2004)(citations omitted).

[7] The factual recitations and legal arguments in this motion were joined by Mr. Morgan in **Defendant Morgan's Alias Motion To Suppress Wiretaps (Expired Order) and Requested Disclosure of Grand Jury Material** [#92] filed January 8, 2012. *See* Motion [#92] at 1.

3

**THEREFORE, IT IS ORDERED** as follows:

1. That on March 15, 2012, commencing at 9:00 a.m. (MDT), the court shall receive argument on the following motions:

    a. That concerning **Defendant Morgan's Motion To Suppress Wiretaps** [#78] filed January 6, 2012, which has been joined by Mr. Ford, the court shall receive argument limited to the issue of necessity; and

    b. That concerning the motion seeking **Suppression of Wiretap Evidence Upon Illegal Interception of Communications and Requested Disclosure of Grand Jury Material** [#87] filed January 6, 2012, by defendant, Killiu Ford, which motion has been joined by Mr. Morgan, the court shall receive argument only;

2. That the court allocates and reserves the following time for the presentation of argument:

    a. That the defendant-movant(s) shall have 25 minutes to present opening arguments concerning the motion then under consideration;

    b. That the government shall have 20 minutes to present a response concerning the motion then under consideration; and

    c. That if permitted by the court, the defendant-movant(s) shall have 10 minutes for rebuttal concerning the motion then under consideration; and

4

3.  That this order supplants and supersedes the **Minute Order** [#105] entered on February 1, 2012.

Dated March 12, 2012, at Denver, Colorado.

**BY THE COURT:**

/s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge